UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN ATWELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1270 (CEJ) |
| ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the action to the Twenty-Second Judicial Circuit (City of St. Louis). Plaintiffs also ask for an award of attorney's fees and costs. Defendant Boston Scientific Corporation has twice removed the action to this Court, this time pursuant to the "mass action" provision of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(11)(B). Defendant has filed a response in opposition to plaintiffs' motion and the issues are fully briefed. Defendant has filed a motion for oral argument.

**I.  Background**

On November 25, 2012, 94 plaintiffs filed this products liability action in state court. The plaintiffs seek to recover damages from injuries they allegedly sustained as a result of the implantation of transvaginal mesh products manufactured by defendant. Defendant removed the case to this Court on December 20, 2012, arguing that a nondiverse plaintiff was fraudulently misjoined to defeat jurisdiction under 28 U.S.C. § 1331. The Court remanded the matter on January 10, 2013, after finding that defendant failed to establish that the alleged misjoinder was egregious, as required by *In re* Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010).

Following remand, plaintiffs filed a motion for assignment of trial judge.[1] Plaintiffs noted that there were "presently pending several separate state actions against [four] manufacturers of transvaginal mesh products . . . in the Twenty-Second Judicial Circuit." Atwell v. Boston Scientific Corp., No. 1222-CC10478, Amended Motion, Pltf. Ex. 1 ¶3 [Doc.#8-2]. Plaintiffs suggested that the instant case "be assigned outside the usual practice for discovery issues in order to be heard by one Judge." ¶6. Plaintiffs invoked a local court rule that authorizes the presiding judge to assign product liability claims to a single general division if doing so would serve the administration of justice. ¶9 (citing Local Rule 6.2.1). The plaintiffs asked that "this case be assigned to a single Judge for purposes of discovery and trial. Plaintiffs do not seek consolidation of these separately pending cases." ¶10 (emphasis added).

On April 24, 2013, the presiding judge of Division 1 entered an order setting plaintiffs' amended motion for hearing. Order, Pltf. Ex. 2 [Doc. #8-3]. The court determined:

> Plaintiffs have made a prima facie case in support of their request [to] assign this case and certain other similar products liability cases related to polypropylene transvaginal mesh products to a single trial court for the purpose of supervising all pretrial matters. If this designated judge determines that one or more of these cases are ready to go to trial, then she or he would confer with the presiding judge in Division 1 to assign each such case to an appropriate trial division . . . assuming that each such case should be tried separately.

Id. at 1. The court specifically noted that "[p]laintiffs are not moving to consolidate any of these cases . . ." Id. at 2. Notice of the hearing was sent to attorneys in other

---

[1]The plaintiffs in this case moved for assignment to a general division trial judge after the two motion court judges became unavailable – one judge had been disqualified and the other judge had recused himself. The case was then returned to Division 1, the Civil Assignment Division, for assignment. See Transcript of June 6, 2013 at 30 [Doc. #1-21].

cases involving transvaginal mesh products.² On June 3, 2013, the plaintiffs in <u>Taylor v. Boston Scientific</u> and <u>Evans v. Boston Scientific</u> also filed motions for assignment of trial judge. Def. Exs. A and B [Docs. #9-1 and #9-2]. The <u>Taylor</u> and <u>Evans</u> plaintiffs asked the court to consider assigning all three Boston Scientific cases to a single judge. They stressed, however, that they were not requesting consolidation of the cases.

The hearing on the motions for assignment to trial judge took place on June 6, 2013. Daniel Ranieri, counsel for the <u>Atwell</u> plaintiffs, described the options before the court as: (1) keeping the case, (2) assigning the case to a judge to handle pretrial matters, or (3) assigning the case to a trial judge to "take it all the way through." Tr. at 4 [Doc. #1-21].³ John Carey, counsel for the <u>Taylor</u> and <u>Evans</u> plaintiffs, argued that the cases involving "a particular product[] should be assigned to a single judge because the same legal issues arise over and over, and . . . it doesn't make sense to have inconsistent rulings in a <u>Boston Scientific</u> case from one judge and then an <u>Ethicon</u> case or a <u>Coloplast</u> case. We need to have consistency." <u>Id.</u> at 24. Later, Mr. Carey stated: "We specifically said we don't want these cases consolidated. They should not be consolidated. We're simply asking your Honor to assign one single judge to handle these cases for consistency of rulings, judicial economy, [and] administration of justice." <u>Id.</u> at 59. Andrew Williams, counsel for another plaintiff group, stated,

---

²Four cases were set for hearing: <u>Atwell</u>, <u>Brannen v. Ethicon, Inc.</u>, No. 1222-CC9107, <u>Aldridge v. American Med. Systs., Inc.</u>, No. 1222-CC10166, and <u>Johnson v. Coloplast Corp.</u>, No. 1222-CC10381. <u>See</u> Transcript caption.

³According to Mr. Raniere, any one of these options would deprive defendant of its right to ask for a change of judge. <u>Id.</u> Accordingly, he proposed the creation of a "panel of judges to take these cases with all the similar issues." <u>Id.</u> Defense counsel objected to the proposal as the creation of a "Missouri mini . . . Multi-District Litigation," which is far outside the scope of the existing court rules and legislation. <u>Id.</u> at 5.

"Our request is simple. We want it assigned to one judge, and each one of those cases will proceed individually according to the Missouri Rules of Civil Procedure." Id. at 29. Counsel for defendants Ethicon, Inc. and Johnson & Johnson opposed assignment of all the transvaginal mesh cases to a single judge. Id. at 48-49 ("We . . . have not a single common plaintiff [or] doctor . . . in these cases. [W]e have different time to market [and] different marketing").

On July 3, 2013, defendant Boston Scientific removed the Atwell, Johnson, and Evans cases to this district pursuant to the "mass action" provision of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(11)(B) and § 1453(b) (CAFA). Because none of the three cases alone has enough plaintiffs to satisfy CAFA's 100-plaintiff minimum, defendant asserts that the Court should consider the total number of plaintiffs in all three cases.[4]

II.  **Legal Standard**

The Class Action Fairness Act (CAFA) "is intended to expand substantially federal court jurisdiction over class actions" and "[i]ts provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." Westerfeld v. Independent Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) (quoting S. Rep. No. 109–14, at 43 (2005)). Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. Id. (citations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro

---

[4]Evans v. Boston Scientific, No. 4:13CV1272 (HEA) and Taylor v. Boston Scientific, No. 4:13CV1274 (HEA) have been assigned to a different district judge.

-4-

Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

### III. Discussion

#### A. Motion for Oral Argument

Defendant requests oral argument pursuant to Local Rule 4.02, asserting that argument is necessary so that it may adequately explain how plaintiffs "proposed during a June 6, 2013, hearing on their motion for assignment of a trial judge that their cases should be tried together, thereby implicating the 'mass action' provision of [CAFA]." Defendant has submitted the transcript of the hearing which is the official record of the parties' arguments. The Court does not believe that additional argument will be helpful.

#### B. Motion to Remand

CAFA permits removal of a "mass action" as if it were a class action removable under § 1332(d), provided that the mass action satisfies the following conditions:

> (i) [T]he term "mass action" means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).
>
> (ii) [T]he term mass action shall not include any civil action in which—
>
> > (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;
> >
> > (II) the claims are joined upon motion of a defendant;
> >
> > (III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

> **(IV)** the claims have been consolidated or coordinated solely for pretrial proceedings.

28 U.S.C. § 1332(d)(11)(B) (emphasis added).

Courts have generally rejected efforts by defendants to cobble together a mass action from multiple smaller lawsuits. In <u>Tanoh v. Dow Chemical Co.</u>, 561 F.3d 945, 954 (9th Cir. 2009), Dow Chemical unsuccessfully argued that plaintiffs should not be allowed to "evade" CAFA by structuring their lawsuits to avoid removal. The Ninth Circuit noted that the statute specifically provides that "the term 'mass action' shall not include any civil action in which . . . the claims are joined upon the motion of a defendant. <u>Id.</u> at 953 (<u>quoting</u> 28 U.S.C. § 1332(d)(11)(B)(ii)(II)). "Congress anticipated . . . that defendants . . . might attempt to consolidate several smaller state court actions into one 'mass action,' and specifically directed that such a consolidated action was *not* a mass action eligible for removal under CAFA." <u>Id.</u> (emphasis in original). In <u>Anderson v. Bayer Corp.</u>, 610 F.3d 390, 392 (7th Cir. 2010), more than 100 plaintiffs sued Bayer in state court in five separate actions with five "mostly identical complaints." Bayer argued that the plaintiffs should not be allowed to avoid federal jurisdiction by carving their filings into five separate pleadings. The Seventh Circuit rejected this argument, noting that plaintiffs are masters of their complaints and may choose to include or omit parties in order to obtain their desired forum. <u>Id.</u> at 393. <u>See also</u> <u>Scimone v. Carnival Corp.</u>, 13-12291, 2013 WL 3287065, --- F.3d ---, (11th Cir. July 1, 2013) ("[P]laintiffs have the ability to avoid § 1332(d)(11)(B)(i) jurisdiction by filing separate complaints naming less than 100 plaintiffs and by not moving for or otherwise proposing joint trial in the state court.").

The purpose of plaintiffs' motion to the assignment judge was to obtain assignment, outside the usual practice, to a single judge to handle pretrial matters and

trial. Plaintiffs explicitly stated, and the court explicitly found, that they were not seeking consolidation of the separate cases for trial. Similarly, at the hearing on the motion, counsel for all of the plaintiffs reiterated that their goal was to have the trial judge handle pretrial matters, rather than a judge in the civil motion division. All counsel specifically stated that they were not requesting consolidation for trial. In the face of these explicit statements, defendant argues that a proposal to consolidate actions for trial can be "implicit."

Defendant's argument is based on <u>In re</u> Abbot Labs., Inc., 698 F.3d 568, 571 (7th Cir. 2012). Plaintiffs in that case filed 10 separate product liability actions against Abbott Laboratories in three different Illinois counties. They then petitioned the state supreme court to consolidate and transfer their cases to one county for pretrial proceedings and through trial. In their motion, plaintiffs stated that consolidation would "eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial and trial rulings, and thereby promote judicial efficiency." <u>Id.</u> at 571. In the memorandum in support of their motion, plaintiffs said they were requesting consolidation of the cases "through trial" and "not solely for pretrial proceedings." <u>Id.</u>

Abbot Laboratories removed the actions to the Southern and Northern Districts of Illinois. The judge in the Southern District remanded the actions to state court, finding that the plaintiffs' motion to consolidate did not propose a joint trial. The judge in the Northern District disagreed, finding that plaintiffs' motion to the Illinois Supreme Court clearly intended to ask for consolidation for all purposes, including trial. <u>Id.</u> On appeal, plaintiffs argued that CAFA jurisdiction was not proper because they had not explicitly asked for a joint trial. Noting that "a proposal for joint trial can be implicit,"

the Seventh Circuit found that plaintiffs' motion to consolidate their cases through trial constituted an implicit proposal for joint trial. Id.

Defendant here argues that plaintiffs implicitly proposed consolidation of the actions for trial during the June 6, 2013 hearing. In support of this contention, defendant cites the following statement by Mr. Ranieri, attorney for the Atwell plaintiffs:

> [O]ur motion is to have it assigned to the judge that's going to try the case because of the complexity that's going to occur all the way through, that he should be the one to marshal how the case is going to be developed. I can't suggest to this Court what deposition procedure should be done, what protocol should be done on all of the discovery because you're not going to be the trial judge if you don't keep the case. So it makes no sense for me to try to tell this Court what would be the best way to go and the protocol. That's going to be up to the judge that's going to end up hearing the pretrial motions and ultimately try the case. You'll understand, your Honor, and you've probably found out. We've got multiple plaintiffs. There's going to be a process in which to select the bellwether case to try.

Tr. at 27-28.

This language is not sufficient to establish that plaintiffs implicitly proposed a joint trial. Assuming for the sake of argument that Mr. Ranieri was speaking for the plaintiffs he does not represent, it is clear from the context that he merely requested assignment of one judge, rather than two, for pretrial and trial. Nothing in this statement comes close to the request for "consolidation through trial" at issue in Abbot Labs. With respect to Mr. Ranieri's anticipation of a bellwether trial, "the . . . statement falls just short of a proposal, as it is rather a prediction of what might happen if the judge decided to hold a mass trial." In re Abbott Labs, Inc., 698 F.3d at 572 (quoting Koral v. Boeing Co., 628 F.3d 945, (7th Cir. 2011)).

The record does not support defendant's contention that plaintiffs proposed a joint trial of the Atwell, Evans and Taylor cases. Defendant's argument that these

the Seventh Circuit found that plaintiffs' motion to consolidate their cases through trial constituted an implicit proposal for joint trial. Id.

Defendant here argues that plaintiffs implicitly proposed consolidation of the actions for trial during the June 6, 2013 hearing. In support of this contention, defendant cites the following statement by Mr. Ranieri, attorney for the Atwell plaintiffs:

> [O]ur motion is to have it assigned to the judge that's going to try the case because of the complexity that's going to occur all the way through, that he should be the one to marshal how the case is going to be developed. I can't suggest to this Court what deposition procedure should be done, what protocol should be done on all of the discovery because you're not going to be the trial judge if you don't keep the case. So it makes no sense for me to try to tell this Court what would be the best way to go and the protocol. That's going to be up to the judge that's going to end up hearing the pretrial motions and ultimately try the case. You'll understand, your Honor, and you've probably found out. We've got multiple plaintiffs. There's going to be a process in which to select the bellwether case to try.

Tr. at 27-28.

This language is not sufficient to establish that plaintiffs implicitly proposed a joint trial. Assuming for the sake of argument that Mr. Ranieri was speaking for the plaintiffs he does not represent, it is clear from the context that he merely requested assignment of one judge, rather than two, for pretrial and trial. Nothing in this statement comes close to the request for "consolidation through trial" at issue in Abbot Labs. With respect to Mr. Ranieri's anticipation of a bellwether trial, "the . . . statement falls just short of a proposal, as it is rather a prediction of what might happen if the judge decided to hold a mass trial." In re Abbott Labs, Inc., 698 F.3d at 572 (quoting Koral v. Boeing Co., 628 F.3d 945, (7th Cir. 2011)).

The record does not support defendant's contention that plaintiffs proposed a joint trial of the Atwell, Evans and Taylor cases. Defendant's argument that these

three cases be treated as one action is "tantamount to a request to consolidate them -- a request that Congress has explicitly stated cannot become the basis for removal as a mass action." Anderson, 610 F.3d at 393-94. The 94 plaintiffs in this case are not sufficient to meet the jurisdictional requirements of CAFA and this matter must be remanded.

### C. Attorney's Fees

Plaintiffs argue that defendant knew that there was no basis for federal jurisdiction when it removed the case and request an award of fees and costs under 28 U.S.C. § 1447(c). The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. Bad faith or frivolousness is not required to support an award of fees and costs. Missouri v. Webb, 4:11CV1237 AGF, 2012 WL 1033414 (E.D. Mo. Mar. 27, 2012) (citing Lytle v. Lytle, 982 F. Supp. 671, 674 (E.D. Mo. 1997)). In exercising discretion to make such an award, courts also weigh the statutory objective of providing a federal forum against the interest of avoiding removals sought solely for the purpose of prolonging litigation. Id. (citing Martin, 546 U.S. at 140).

The parties in Martin agreed that there was a reasonable basis for removal and thus the Supreme Court did not define "objectively reasonable." Martin, 546 U.S. at 712. However, the Seventh Circuit has adopted a standard based on qualified-immunity standards: "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal,

then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007), accord Williams v. International Gun-A-Rama, 416 Fed. Appx. 97, 99 (2nd Cir. 2011). In this case, Abbot Labs. provided a colorable basis for removal and the Court cannot say that clearly established law foreclosed defendant's removal. Plaintiffs' request for fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #8-1] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for oral argument [Doc. #10] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court of Missouri (St. Louis City) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2013.